IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, </br></br> Plaintiff, </br></br> v. </br></br> ONE DEACON, LLC </br> Serve: Registered Agent </br> N.F. Salaki </br> 10521 E. US 24 Highway </br> Independence, MO 64054 </br></br> FAIRMOUNT LIQUORS, LLC </br> Serve: Registered Agent </br> Thelma Jordan </br> 10609 US 24 Highway </br> Independence, MO 64054 </br></br> THELMA J. JORDAN </br> 10609 US 24 Highway </br> Independence, MO 64054 </br></br> Defendants. | Case No. _____ |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Atlantic Casualty Insurance Company, ("ACIC") hereby submits this Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 as follows:

## THE PARTIES

1. Plaintiff Atlantic Casualty Insurance Company is an insurance company formed in the state of North Carolina with its principal place of business in Goldsboro, North Carolina.

2. Defendant One Deacon, LLC ("One Deacon") is a limited liability company formed and located in the State of Missouri. Service of process of her may be obtained through One Deacon's registered agent, N.F. Salaki.

3. Defendant Fairmount Liquors, LLC ("Fairmount") is a limited liability company formed and located in the State of Missouri. Service of process of her may be obtained through Fairmount's registered agent, Thelma Jordan.

4. Defendant Thelma Jordan ("Jordan") is an individual and resides in the State of Missouri. Service of process of Ms. Jordan may be obtained at 10609 US 24 Highway, Independence, Missouri 64054.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this dispute under 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over defendants One Deacon and Fairmount in that both are Missouri companies domiciled in the State of Missouri.

7. This Court has personal jurisdiction over defendant Thelma Jordan in that defendant resides in the State of Missouri.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within Jackson County, Missouri.

## THE UNDERLYING LAWSUIT

9. On or about October 9, 2017, Fairmount and Jordan ("Underlying Plaintiffs") filed a Petition for Damages against One Deacon and Best Buy Car Company, LLC ("Best Buy") in the Circuit Court of Jackson County, Missouri, case number 1716-CV24199 (hereafter the

2

"Underlying Lawsuit"). A copy of the Petition for Damages filed in the Underlying Lawsuit is attached as Exhibit A and incorporated by reference.

10. Underlying Plaintiffs' Petition for Damages asserted that One Deacon and/or Best Buy "owned real and/or personal property and operated a business at or about 10610 US 24 Highway, Sugar Creek, Jackson County, Missouri."

11. Underlying Plaintiffs' Petition for Damages further asserted that the premises owned and/or exclusively possessed or controlled by One Deacon and/or Best Buy ("the Best Buy Property") had a collapsed culvert which had not been repaired and had been filled in with gravel by employees and/or agents of One Deacon and/or Best Buy.

12. Underlying Plaintiffs' Petition alleged that as a result of this condition on the Property, the natural watercourse which passes through and under U.S. 24 Highway was obstructed, which caused or contributed to cause flooding to property owned by Fairmount and Jordan ("the Jordan Property").

13. Underlying Plaintiffs' Petition alleged that flooding occurred in or about July 2015, August 2016 and August 2017 and asserted claims of Premises Liability, Negligence, Private Nuisance and Trespass under Missouri law.

14. On or about July 10, 2018, Underlying Plaintiffs moved to amend their Petition and assert additional damages sustained in May 2018.

15. Underlying Plaintiffs were granted leave to file their First Amended Petition, without objection, on or about July 23, 2018. A copy of the First Amended Petition for Damages filed in the Underlying Lawsuit is attached as Exhibit B and incorporated by reference.

16. On or about August 2, 2018 One Deacon and Best Buy filed separate answers to the First Amended Petition as well as third-party petitions asserting claims against the Missouri

Department of Transportation ("MODOT"), the City of Sugar Creek, Missouri ("Sugar Creek") and the City of Independence, Missouri ("Independence").

17. On or about September 14, 2018 MODOT filed a "motion to correct misnomer" identifying that the proper party to the action was the Missouri Highways and Transportation Commission ("MHTC"), who is charged with responsibility for MODOT.

18. On or about August 13, 2018, Underlying Plaintiffs dismissed the claim of Premises Liability against One Deacon and Best Buy.

19. On or about October 10, 2019, Best Buy sought leave of court to amend its third-party petition asserting direct claims against MHTC, Sugar Creek and Independence beyond the claims of contribution, indemnity, and inverse condemnation initially asserted.

20. On the same date, Underlying Plaintiffs sought leave to file a second amended petition asserting additional claims against third-party Defendants MHTC and Sugar Creek.

21. Leave was granted to file the amended pleadings on October 23, 2019.

22. On or about December 6, 2019, Underlying Plaintiffs filed a Third Amended Petition. A copy of the Third Amended Petition for Damages filed in the Underlying Lawsuit is attached as Exhibit C and incorporated by reference.

23. In the Third Amended Petition, Underlying Plaintiffs asserted allegations against One Deacon, Best Buy, Sugar Creek and MHTC.

24. The Third Amended Petition asserted the same claims against One Deacon and Best Buy raised in the initial 2017 Petition, specifically claims of Negligence, Private Nuisance and Trespass.

25. The Third Amended Petition also includes direct claims against MHTC and Sugar Creek for a statutory dangerous condition and inverse condemnation.

26. In addition to the claims of damages arising in July 2015, August 2016 and August 2017 that were asserted in the first Petition and the claims of additional damages sustained in May 2018 raised in the First Amended Petition, the Third Amended Petition asserted additional claims of damages arising in May 2019 and June 2019.

## THE INSURANCE POLICY

27. ACIC issued Commercial General Liability Policy L211002840-0 to One Deacon, LLC (hereafter "the Insurance Policy"). A copy of the Insurance Policy is attached to this Complaint for Declaratory Relief as Exhibit d and incorporated by reference.

28. The Insurance Policy identifies a policy period from December 21, 2018 to December 21, 2019.

29. The Insurance Policy contains SECTION V – DEFINITIONS, which defines the following terms:

a. The term "occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

b. The term "property damage" is defined to mean "physical injury to tangible property, including all related loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;" or alternatively "Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it…"

c. The term "suit" is defined to mean "a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged…"

30. The Insurance Policy contains an endorsement entitled INSURING AGREEMENT AMENDMENT _ USE OF EXTRINSIC EVIDENCE – RIGHT TO DEFEND which replaces Paragraph 1.a. of SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY with language stating in relevant part:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking covered damages. We will have the right, but not the duty, to defend any insured against any "suit" for which we dispute coverage. We will have no duty to defend or indemnify any insured against any "suit" seeking damages for "bodily injury" or "property damage" where there is no coverage under the policy…
>
> We may look to extrinsic evidence out of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a lawsuit seeking "bodily injury" or "property damage," provided that extrinsic evidence does not contradict a claimant's pleaded allegations. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

31. The Insurance Policy contains SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, which states in Paragraph 1.b in relevant part:

> This insurance applies to… "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> (3) Prior to the policy period, no insured… knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured… knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, than any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

32. The Insurance Policy contains SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, which states in Paragraph 1.d in relevant part:

"Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured…

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer.

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that the "bodily injury" or "property damage" has occurred or has begun to occur.

33. The Insurance Policy contains SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, which states in Paragraph 2.a "This insurance does not apply to" expected or intended injury.

34. The Insurance Policy contains an endorsement entitled EXCLUSION – EXPECTED OR INTENDED which deletes exclusion 2.a and replaces it with language stating in relevant part the insurance does not apply to property damage "expected or intended from the standpoint of any insured."

35. The Insurance Policy contains SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, which states in Paragraph 2.f "This insurance does not apply to" pollution.

36. The Insurance Policy contains an endorsement entitled EXCLUSION – TOTAL POLLUTION which deletes exclusion 2.f and replaces it with language stating in relevant part the insurance does not apply to property damage "which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape

of "pollutants" at any time" and "Any loss, cost or expense arising out of any (a) request, demand, order or statutory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";…"

37. The Insurance Policy contains an endorsement entitled AMENDMENT OF POLLUTANT DEFINITION which defines "pollutants" to mean:

> solid, liquid, gaseous, or thermal irritant or contaminant… where ever discharged, dispersed, deposited, seeping, migrating or released, including onto or into the air or any air supply, water or any water supply or land, including but not limited to petroleum… and associated scent or scents, smoke, off gas or off gases, soot and fumes from said substance. Waste includes material to be recycled, reconditioned or reclaimed.

38. The Insurance Policy contains an endorsement entitled EXCLUSION – CLAIMS IN PROGRESS which adds an additional exclusion to 2. Exclusions under SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, which states in relevant part:

> This insurance does not apply to:
>
> 1. any loss or claim for damages arising out of or related to "bodily injury" or "property damage" whether known or unknown:
>
>    a. which first occurred prior to the inception date of this policy; or
>    b. which is, or is alleged to be, in the process of occurring as of the inception date of this policy.
>
> 2. any loss or claim for damages arising out of or related to "bodily injury" or "property damage" whether known or unknown, which is in the process of settlement, adjustment or "suit" as of the inception date of this policy.
>
> We shall have no duty to defend or indemnify any insured against any loss, claim "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage," unless any insured can demonstrate this endorsement does not apply.

39. The Insurance Policy contains an endorsement entitled EXCLUSION – MOLD, BACTERIA, VIRUS AND ORGANIC PATHOGEN LIABILITY, which states in relevant part:

> This insurance does not apply to any claim, loss, costs or expense arising from any actual or alleged… "property damage"… arising directly, indirectly, or in concurrence or in sequence out of actual, alleged or threatened existence, exposure to, discharge, dispersal, deposit, release or escape of "organic pathogens", whether or not such actual, alleged or threatened existence, discharge, dispersal, release or escape is sudden, accidental or gradual in nature." The endorsement further defines "Organic pathogen" to mean "any organic irritant or contaminant, including but not limited to mold, fungus, bacteria or virus, including but not limited to their byproducts such as mycotoxin, mildew, biogenic aerosol, or scent.

40. The Insurance Policy contains an endorsement entitled EXCLUSION – PUNITIVE DAMAGES, which states:

> This insurance does not apply to any claim or of indemnification for punitive, exemplary and/or statutorily enhanced damages, including, but not limited to, multiple damages. If a "suit" seeking both compensatory and punitive, exemplary and/or statutorily enhanced damages, including, but not limited to, multiple damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive, exemplary and/or statutorily enhanced damages, including, but not limited to, multiple damages.

## **REQUEST FOR DECLARATORY JUDGMENT**

41. ACIC has been defending One Deacon in the Underlying Lawsuit subject to a reservation of the right to deny coverage under the Insurance Policy.

42. ACIC has no duty to defend or indemnify One Deacon as the Underlying Lawsuit does not allege property damage caused by an "occurrence" as that term is defined in the Insurance Policy.

43. ACIC has no duty to defend or indemnify One Deacon as the Underlying Lawsuit does not allege property damage that occurred within the policy period of the Insurance Policy.

44. ACIC has no duty to defend or indemnify One Deacon as One Deacon knew that the property damage alleged in the Underlying Lawsuit had occurred, in whole or in part, prior to the policy period of the Insurance Policy.

45. ACIC has no duty to defend or indemnify One Deacon as the property damage alleged in the Underlying Lawsuit was expected from the standpoint of One Deacon.

46. ACIC has no duty to defend or indemnify One Deacon as the property damage alleged in the Underlying Lawsuit first occurred prior to the inception date of the Insurance Policy.

47. ACIC has no duty to defend or indemnify One Deacon as the property damage alleged in the Underlying Lawsuit is alleged to be in the process of occurring prior to the inception date of the Insurance Policy.

48. ACIC has no duty to defend or indemnify One Deacon as the loss or claim for property damage alleged in the Underlying Lawsuit was in the process of suit as of the inception date of the Insurance Policy.

49. ACIC has no duty to defend or indemnify any property damage which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

50. ACIC has no duty to defend or indemnify any loss, cost or expense arising out of any request, demand, order or statutory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants."

51. ACIC has no duty to defend or indemnify any property damage arising directly, indirectly, or in concurrence or in sequence out of actual, alleged or threatened existence, exposure to, discharge, dispersal, deposit, release or escape of "organic pathogens", whether or not such

actual, alleged or threatened existence, discharge, dispersal, release or escape is sudden, accidental or gradual in nature.

52. Therefore, ACIC is not obligated to defend or indemnify One Deacon for any liability it may incur to Underlying Plaintiffs in the Underlying Lawsuit.

53. ACIC has no obligation to indemnify One Deacon against punitive or exemplary damages in the Underlying Lawsuit as such damages are excluded from coverage by the Insurance Policy.

54. Under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court has the power to resolve questions of construction and legal relations between ACIC and One Deacon concerning the coverage available under the Insurance Policy for the claim asserted by Underlying Plaintiffs against One Deacon in the Underlying Lawsuit.

55. The question regarding whether ACIC's Insurance Policy provides coverage for the claims and damages alleged in the Underlying Lawsuit involves an actual justiciable controversy ripe for consideration by this Court, making declaratory relief proper.

56. Therefore, ACIC seeks a declaratory judgment that is has no duty to defend or indemnify One Deacon against any of the claims or allegations alleged against it in the Underlying Lawsuit.

WHEREFORE, Plaintiff Atlantic Casualty Insurance Company hereby asks this Court for declaratory judgment and other relief as follows:

a. Finding that the Insurance Policy Atlantic Casualty Insurance Company issued to One Deacon, LLC does not provide coverage for the claims alleged by Fairmount Liquors, LLC and Thelma Jordan against One Deacon, LLC in the Underlying Lawsuit;

b. Finding that Plaintiff Atlantic Casualty Insurance Company has no duty to defend One Deacon, LLC in the Underlying Lawsuit;

c. Finding that Plaintiff Atlantic Casualty Insurance Company has no duty to indemnify One Deacon, LLC in the Underlying Lawsuit;

d. Finding that Plaintiff Atlantic Casualty Insurance Company has no duty to indemnify against punitive or exemplary damages awarded in the lawsuit against One Deacon, LLC;

e. Awarding Plaintiff Atlantic Casualty Insurance Company its costs; and

f. Awarding Plaintiff Atlantic Casualty Insurance Company all other further relief this Court deems just and equitable.

Respectfully submitted,

**FOLAND, WICKENS, ROPER, HOFER & CRAWFORD, P.C.**

*/s/ Wm. Clayton Crawford*
Wm. Clayton Crawford    MO #41619
Jordon T. Stanley    MO #57027
1200 Main Street, Suite 2200
Kansas City, MO 64105
(816) 472-7474
(816) 472-6262 (fax)
ccrawford@fwpclaw.com
jstanley@fwpclaw.com
*Attorneys for Plaintiff Atlantic Casualty Insurance Company*